Next case for argument is 162122 TFC fuel injection systems versus Ford Motor Company. The two members of the panel decided there was a limited disclaimer in that the flow constraint in the last element of claims 38 and 40 could not be a pressure regulator. I'm not clear on this. How did the majority cabin its finding of prosecution disclaimer? It certainly had a term limitation that was disputed before it and that was about to apply it to the flow constraint. So that's what it had to decide because that was the specific limitation. But they found a broad disclaimer and then they said here's how it applies to this limitation. What more did it do? No, the majority opinion found a limited disclaimer. Well, because that's what they were asked to do, right? They were asked to make a determination to construct the term flow constraint. Right. And they said in 1872, we determine that there is an express disclaimer of pressure regulators and other forms of incremental regulation as a flow constraint for issue claims 38 and 40. In the concurring opinion, Judge McNamara went further. Judge McNamara looked at it and he says, the way I read it, I would hold a broad disclaimer against the use of any pressure regulators. But that wasn't the holding of the board. Yeah, but their holding wasn't inconsistent with that. They were deciding the case before it. I mean, if we have a case and we're asked to construe one singular thing and we do it, that doesn't prejudice or necessarily inform or certainly not control the question here. Well, TMC was prejudiced, Your Honor, because of the initiation in the institution decision. This disclaimer issue had been raised by Ford in his petition and it was rejected. So it wasn't before the board. It was rejected. This is an IPR, right? So it wasn't rejected. It just wasn't instituted. It was not instituted. Correct. So when it was touched upon at the hearing and when the board then conducted a completely new analysis and came up with its conclusions in its final decision, that was improper, Your Honor, because it did not allow – because they were asked to construe – Well, the concurring opinion, in addition to concurring, is responding to new arguments that you raised during the oral hearing. Isn't that correct? Well, that's how they placed – that's how the concurring opinion put it. But none of those arguments had to do with a disclaimer at all because the disclaimer wasn't an issue pending before the panel at that time. It was only after the fact that this became an issue. So that's just kind of the point our panel was making here, which is what relevance is what the board did given that it wasn't an issue before the board. I think that's how we started this discussion. What became the real issue – and you're right. That is how we started. We kind of got in a circle. The real problem is when the case goes back to the district court, the district court relies on the concurring opinion and finds that it feels that it is compelled to follow this broad disclaimer. We have a lot of cases this past week, so maybe I'm getting this confused with the other. Didn't the district court make its own assessment of the prosecution history? So it said, Your Honor, yes. Yeah, so it didn't have two sentences. I'm relying on the concurrent, so I don't have to do our own analysis. It certainly made – we're reviewing the court's analysis. We're not – forget its reliance. You're saying it felt compelled, that it thought that was binding precedent, and it couldn't deviate from that. I'm not – it did its analysis. That's what we're reviewing. Why was its analysis incorrect? Because in the decision, Your Honor, the court says that it feels that it's instructed under precedent to follow the guidance of the board because it has particular expertise. And then it goes on to say –  I think it would be the opinion at page 4. So that would be either at the back of our initial brief, or I think it's maybe 44 or somewhere around that in the joint appendix. It's only a five-page decision. What particular language are you relying on? I should have it in front of me, but I don't. Particular language that I was concerned about, Your Honor, is that after saying that it should give deference to the board's decision, the court then said, we agree with the board that pressure regulators should not be or cannot be used in the system. And then they also say the PTAB found the 414 patent's prosecution states an express disclaimer of pressure regulators and incremental regulation means of any type from the system. And that's what the concurring opinion said. And there may be some language along that line. There is some language in 1872 talking about – it's in the paragraph. Right underneath the paragraph you cited to us earlier, it talks about means of any type. Eliminating pressure regulators and incremental regulation means of any type from the system. Yeah, and the problem, Your Honor, is using the term from the system. Because it's clear from the decision that that isn't what they did. They eliminated pressure regulators or incremental regulation of any means from the flow return path. And that was clear from – Okay, but can we – I see what you're citing on Appendix 4. But then on Appendix 5, the district court is explaining its kind of instruction. And it says quite clearly that it reached this conclusion, its prior conclusion, by examining only the words of the claims on the specification. The court did not consider the prosecution history. And they amend their construction based on the prosecution history. Yes, that's – Because I'm not sure where that gets us. I agree with your comment a few minutes ago. That's kind of circular. Why is – did the court err in its – are you saying it misconstrued the prosecution history? That's your argument? I'm saying that the board was initially correct in putting its primary focus on the claims and the specification. Well, there's no error in – there's no error in looking at and considering and even relying, if it's probative, on the prosecution history. So your argument must be that the prosecution history was not probative or that the court misconstrued it. Yes, our argument is that the prosecution history was, at best, ambiguous. And also that the unasserted claims that should have been reviewed were not, by neither the board nor by the concurring opinion nor by the court. Okay, you're into your rebuttal. Thank you. We'll reserve the remaining rebuttal. Thank you. Good morning, Your Honors. Eugene Sokoloff for Ford Motor Company. May it please the court. Ford was entitled to summary judgment but not infringement in this case for a very simple reason. TMC's pretrial memorandum alleged that every accused vehicle included, quote, pressure regulator. And in TMC's appeal brief to PTAB, Appealing Rejection of Claims 38 and 40, it argued that its system, quote, eliminated pressure regulators and incremental regulation means of any type from the system. That's at Appendix 502. And that's the language that my friend on the other side keeps attributing to the concurrence. That was TMC's language in the prosecution. And it was also cited in the unanimous opinion by the panel, the PTAB panel, where it said that even under the broadest of Oh, I asked. That's how I started my questioning. And your friend on the other side said, well, yes, but only in the flow path. Your Honor, I think there's no basis for that in the decision. I think as the questions to the appellant were tending, that is where the issue came up. But if you look at the conclusion here, the PTAB says that even under the broadest reasonable interpretation, that is to say that even giving as much scope and wiggle room as possible. What page are you on? I'm looking at Appendix 1875. Thank you. We conclude that the prosecution history states an express disclaimer of pressure regulators and incremental regulation means of any type from the system. And the last part of that, of course, again, is quoting TMC's own language in its brief to the PTAB. And that's not the only time that the PTAB referred to this means of any type from the system. Each of the times that it used that disclaimer against the prior arts that were cited in its petition, it used the same formulation. So in 1882, in distinguishing Tucky, it says that disclaimers of regulation means of any type from the system. It says the same thing in 1884, distinguishing Ford. In 1893, distinguishing Tucky and Coleman. So to say that this is something that the concurrence came up with on its own, Your Honor, I have to respectfully say there's just no basis for that. And this disclaimer was relied upon by the board in order to be able to say that the prior art didn't meet the claims. That's right, Your Honor. It was relied on by the board. And crucially, it was relied on in the initial allowance of these claims. I mean, just look at the history here. The final rejection of these claims comes through. And TMC proposes an amendment that introduces this minimize or eliminate language, the language that they count on now as being ambiguous enough to embrace their construction. The examiner did not allow that amendment because it did not place the claims in condition for allowance. That's at page 377 in the appendix. This was an invention that entered what the examiner called a field that was very crowded with pressure regulation means of various types. That's at 291 in the appendix. And so the only way that TMC could distinguish itself was by saying we don't do that. And they said that again and again. Looking at the prior art, with a very broad brush, not even talking about specific references in the prior art, TMC said every device cited has at least one pressure regulator. That's at 534 in the appendix. They said that the prior art was, quote, not relevant. It's at 533 because all the prior art contained pressure regulators. Appendix 423, quote, it cannot be used against TMC's claims, this prior art, because it contains pressure regulators. That doesn't make any distinction about between the role the pressure regulators play in the systems, what kind of a regulator it is. Anything else just says you can't even look at this prior art because it all has the same fatal flaw. It has a pressure regulator, and our system is different. What's truly revolutionary, TMC said about our system, is that it, quote, does not adjust pressure at a precise location. That's at page 534. It doesn't use any pressure regulator or pressure regulating element. That's at page 548. This Court's cases say time and again that when that kind of clear disclaimer comes through in the give and take with the patent office, what the patentee is telling the public and the reasonable competitor is that their invention does not cover something. It's telling the world what their claims do not cover, what their invention could not be. That's what the Court said in Omega. Ford was entitled to a lie on those statements, and the public notice function, I would submit, of the prosecution history would be significantly undermined if a disclaimer this clear were permitted to nevertheless allow TMC to go forward. Are there no further questions? Thank you. Thank you. My colleague has pointed to the appendix at 1875 for support for the broad disclaimer that Ford has claimed here, and that was adopted by the District Court, as we say, from the concurring opinion. Ford cites to the first sentence of the conclusion where it says, we conclude that the prosecution history states an express disclaimer of pressure regulators and incremental regulation means of any type. That's the broad disclaimer. But that's not the holding. The holding is down at the last sentence of the page. This disclaimer applies to the fuel return path with flow constraint. It doesn't apply to the broad system. No, no, no. They had to say that. That was the limitation that was in dispute and was before them. They couldn't have ended the opinion with the first statement because they had to say, specifically hone in and say, this disclaimer applies to the term limitation in dispute in this case. What does that prove? What that proves, Your Honor, our position is that the board majority adopted a limited disclaimer that is in contrast to the broad disclaimer adopted in the concurring opinion where the judge said, I think that the disclaimer should apply to all pressure regulators used anywhere in the system. Let me cut to what I consider the chase on this. In your blue brief, in discussing the district court statement that it didn't consider the prosecution history, you have a footnote at page 23 that says, although the district court indicated that it did not consider the prosecution history when it first construed the claims, Ford, in fact, cited this evidence. Are you saying that even though the district court says it did not consider the prosecution history, that it really did? Well, I think that by that statement, the district court was probably indicating that it did not have a copy of the entire file history that it consulted, but certainly both parties relied on sections of the prosecution history to support their claim construction during the Markman hearing, and that's what the judge reviewed. In an unsophisticated way, just made a mistake. No, I didn't make a mistake. I'm just suggesting that she did not necessarily realize that what was in front of her in terms of supporting certain claim terms was portions of the prosecution history. I know that my time is short, but I would really like to direct the panel's attention to the unasserted claims. Only 38 claims eliminate or minimize. 40 only says minimize. That does not mean you shouldn't be eliminating the pressure regulator. 41 and 42 and 43 all say minimize. 43 is particularly instructive because the last claim element calls for closing all fuel return lines, including closing all excess fuel return lines from pressure regulators if there is any. And lastly, claims 44, 45, and 46 all cover a kit to retrofit cars that are already on the road. During prosecution, the examiner and the inventor both recognized most cars available in that time frame in the early 2000s already had one or two pressure regulators in them. So to be claiming a retrofit that could be used with existing cars is certainly not disclaiming pressure regulators. It's providing a kit that could be used to work with pressure regulators. Thank you. Thank both sides. The case is submitted. That concludes our proceedings for this morning. All rise. The Honorable Court is adjourned from day to day.